**SIGNED.**

Dated: June 08, 2010

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| ANDRADA FINANCING, LLC, | No. 4:08-bk-13469-JMM |
| Debtor. | Adv. No. 4:10-ap-00289-JMM |
| ANDRADA FINANCING, LLC, | |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION** |
| HUMARA GROUP, INC., d/b/a HUMARA, INC., an Arizona Corporation, and CHU WENG HOLDINGS, LLC, a Georgia Limited Liability Company, and CHARLES H. WHITEHILL, | |
| Defendants. | |

Debtor/Plaintiff has filed a "Motion for Reconsideration" (Dkt. # 24) of the court's order dismissing the adversary proceeding. The motion will be treated as a FED. R. CIV. P. 59 motion (applicable to bankruptcy proceedings by FED. R. BANKR. P. 9023). *See Am. Ironworks & Erectors, Inc. v. North Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

Reconsideration of an order under a timely Federal Rule 59(e) motion is appropriate when the moving party demonstrates (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence. *In re Hansen*, 368 B.R. 868, 878 (9th Cir. BAP 2007); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through-rightly or wrongly.'" *In re America West Airlines, Inc.*, 240 B.R. 34, 38 (Bankr. D. Ariz. 1999) (*citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). In addition, it may not be used to present evidence for the first time which could reasonably have been presented earlier in the litigation. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Debtor asks the court to reconsider its ruling that it lacks subject matter jurisdiction to hear the adversary complaint, citing *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

In *Schwartz*, creditor IRS undisputedly violated the automatic stay by assessing a tax during the chapter 11 case, which case was then dismissed without any action being taken against the IRS. Then, in a later-filed chapter 13 case, a contested matter was brought before the court concerning the same debt and stay violation. Since the IRS had filed a proof of claim in the chapter 13 case, there was no jurisdictional issue. The only issue was whether the IRS violation of the stay was void or simply voidable. *Schwartz*, 954 F.2d at 570-71. The court determined that stay violations are void *ab initio*. *Id.* at 571.

Defendants assert that no grounds exist to grant the instant motion, since it is a rehash of the arguments already made. *America West Airlines*, 240 B.R. at 38. Defendants also distinguish *Schwartz* from the facts in this case in that, here, the chapter 11 case was dismissed and there is no new case or present bankruptcy estate.

Debtor's underlying chapter 11 case was dismissed on February 27, 2009, pursuant to Debtor's request. The reason given for Debtor's motion to dismiss was that the court had granted stay relief to the Defendants/lenders, Chu Weng Holdings, LLC and Humara, Inc., and therefore Debtor had "no additional assets" and the bankruptcy was "no longer required." (Dkt. # 44 - Admin. case) The dismissal order was final and was not appealed. *See In re Slimick*, 928 F.2d 304, 306-07 (9th Cir. 1990).

The instant adversary proceeding was filed on February 19, 2010, almost a year after the underlying case was dismissed.

Debtor maintains, nonetheless, that the "rule" of *Schwartz* is that relief for stay violations, in bankruptcy court, is available whether or not there is an active case.

If Debtor's complaint is a true stay violation action, Debtor need not rely on *Schwartz* because it is well-established law in the Ninth Circuit that an action for a willful violation of the automatic stay[1] is within the bankruptcy court's ancillary or "arising under" jurisdiction, whether or not the case has been dismissed or closed. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98, 110 S.Ct. 2447, 110 L.Ed 2d 359 (1990) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."); *In re Aheong*, 276 B.R. 233, 244 (9th Cir. BAP 2002) (a § 362(h) -- now § 362(k)-- action "'arises under title 11' notwithstanding dismissal of the underlying case") (*citing In re Davis*, 177 B.R. 907, 912 (9th Cir. BAP 1995) and *In re Menk*, 241 B.R. 896, 917 (9th Cir. BAP 1999)); 28 U.S.C. § 1334(b).

However, in view of the allegations and the entire record, Debtor's complaint does not encompass a true stay violation action. The prayer for relief seeks the following:

    a. An order declaring the Vail trustee's sale void as made in violation of the automatic stay;

    b. An order nullifying the entire stay relief order entered on December 8, 2009, Docket 40, nunc pro tunc;

    c. An order declaring void the trustee's sale of Bowman based on the within fraud and voiding the deeds described in § 28 hereof;

    d. An order declaring defendants Humara to be unsecured creditors of plaintiff or, alternately, [for] an order directing [that] any further foreclosure on the subject properties be commenced, de novo, as a judicial proceeding in state court; and

    e. [For] Damages subject to proof including punitive damages, attorneys fees, costs of this action and such other and further relief as the court deems warranted.

---

[1] Debtor moved pursuant to either § 105(a) or § 362(k). Section 362(k) pertains only to "individual" debtors. A corporate debtor cannot recover damages under § 362(k) but rather must seek contempt sanctions pursuant to § 105(a). *See In re Dawson*, 390 F.3d 1139, 1146 (9th Cir. 2004) (citing *In re Goodman*, 991 F.2d 613, 618 (9th Cir 1993)).

Debtor seeks a determination that the trustee's sale of the Vail property violated the automatic stay. This allegation may not be maintained, because the trustee sales were conducted following a valid and final stay relief order. It is undisputed that Defendants moved for, and obtained stay relief in regards to Debtor's <u>two</u> real property assets (Bowman Road, in Tucson, Ariz., and Vail, Ariz.). *See Complaint ¶¶ 6, 21, and 27; Whitehill Answer, p. 1; Defendants' Motion to Dismiss Complaint, pp. 2-3.*

In contrast to these facts, *in Schwartz,* the automatic stay was clearly violated and stay relief was not previously obtained. The facts in the instant case are also distinguishable from the seminal case of *In re Davis*, 177 B.R. 907 (9th Cir. BAP 1995). There, the creditor foreclosed on two properties, post-petition without seeking relief from the automatic stay, and the Debtor filed a complaint for violation of the automatic stay. The BAP held that the bankruptcy court retained jurisdiction over the adversary proceeding notwithstanding subsequent dismissal of the case. *Id.*

To the extent that Debtor raises issues concerning the propriety of a completed trustee's sale, those issues should have been presented to the Superior Court, wherein an injunction might have been obtained prior to the sale. The propriety of the foreclosure sale itself, in a dismissed case, is a matter of state law. *See* 11 U.S.C. § 349. Once the sale occurred, the issuance of a Trustee's Deed generally vitiates any improprieties of the sale or its processes. *See* Ariz. Rev. Stat. §§ 33-808(E) and 33-811(B), (C), (E).

The stay relief order was entered on December 8, 2008 (DN 40, Admin. file). That order was not appealed, is final, and cannot be collaterally attacked. *See In re Gruntz*, 202 F.3d 1074, 1084 n.9 (9th Cir. 2000) (granting or denying relief from an automatic stay is a final decision); *see also In re Pardee*, 218 B.R. 916, 924 (9th Cir. BAP 1998), *aff'd,* 193 F.3d 1083 (9th Cir. 1999) ("a final order that is not appealed cannot be collaterally attacked in a later proceeding even if the order was entered in error").

Nevertheless, Debtor also seeks to nullify the stay relief order and "void" the trustee's sale of the Bowman property due to alleged fraud. The complaint alleges that Defendants suppressed material facts from the court and "jumbled" the exhibits in obtaining stay relief, leading to wrongful foreclosure on both properties. *Complaint*, ¶¶ 2, 13-17, 26, 27. Debtor maintains that it did not discover the alleged "fraud upon the court" until after the stay relief proceedings and case dismissal, and after it had initiated an unrelated state court action against Defendants. *Id. ¶ 17.*

Although Debtor had objected to stay relief, the objection neither mentioned fraud nor identified the subject property. It merely alleged, without further explanation, that "the Promissory Note between the Debtor and Movants indicates that only six (6) lots are encumbered by the obligations to the Movants, and the Deed of Trust references eleven (11) lots." (Dkt. # 33 - Admin. file)  Interestingly, inconsistently with the stay relief papers and later allegations of the complaint, Debtor had designated itself as a single asset real estate case and listed only one property on Schedule A--the Bowman Road property, in Tucson. (Dkt. ##3, 24 and 26 - Admin. file.) Then, in the complaint, Debtor alleged that it was not a single asset real estate case and that it owned both real property assets, which were both the subjects of the stay relief order. Complaint ¶¶ 6, 10, 21, and 27. Thus, the record shows that Debtor knew or could have known that stay relief was granted as to both properties in 2008.

The court found that stay relief was warranted, *inter alia*, due to a bad faith filing. *See* Minute Entry (Dkt. # 37).

Debtor now seeks to plead matters that could have been raised in response to the stay relief request. Such arguments are precluded by *res judicata*. *See Pardee*, 218 B.R. at 923 (*citing Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938) ("The concept of the preclusive effect of final orders is a basic principle of American jurisprudence."). Finality in this case has existed for almost one year before this adversary was filed.

A bankruptcy court, as a court of equity, must be guided by equitable principles in exercising its jurisdiction over a contempt action for violation of the automatic stay. *See, e.g., In re Gurrola,* 328 B.R. 158, 172 (9th Cir. BAP 2005) (discussing retroactive validation of stay violation based on 'balancing of the equities' test); *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984). The instant complaint was filed unconscionably late, after substantive rights had been exercised and the property sold. The claims have been forfeited or waived. *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 n.2 (9th Cir. 2008). In addition, Debtor has "unclean hands." It attempted to use the bankruptcy laws in bad faith to avoid its obligations to Defendants. Now, it seeks to further delay or upset their relief by raising issues that could have been raised over a year ago. Moreover, Debtor's arguments are inconsistent with previous allegations made in this court and with Debtor's motion for voluntary dismissal of its chapter 11 case, and they are therefore barred by the doctrine of judicial estoppel. *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th

5
Case 4:10-ap-00289-JMM   Doc 27   Filed 06/08/10   Entered 06/08/10 14:43:41   Desc
Main Document   Page 5 of 7

Cir. 2001).

Finally, Debtor has alleged "fraud upon the court," but failed to bring a timely FED. R. CIV. P. 60(b)(3) motion (incorporated by FED. R. BANKR. P. 9024) to set aside the 2008 stay relief order. Rule 60(b) "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(d)(1) and (d)(3). Such an independent action would be within the court's subject matter jurisdiction. *See In re Taylor*, 884 F.2d 478, 481 (9th Cir. 1989); *Aheong*, 276 B.R. at 240. Nonetheless, an independent action requires a "grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998). Generally, nondisclosure is not "fraud upon the court," if it can be challenged in court. *See In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999).

These facts do not justify an independent action. The record shows that Debtor knew or could have known that stay relief was granted as to the subject properties, in 2008, and yet it took no action. Instead, it asked the court to dismiss the case based on the results of the very same stay relief order. Both the stay relief and dismissal orders are final and are not properly subject to collateral attack.

The facts of this case are in line with *In re Income Prop. Builders, Inc.*, 699 F.2d 963 (9th Cir. 1982). There, the BAP dismissed an appeal as moot where the debtor sought to reimpose the automatic stay after the dismissal of the underlying bankruptcy case. It held that the stay arises by operation of bankruptcy law and that, after the dismissal of the underlying case, it no longer had the power to restore the proceeding or to reimpose the stay. *Id.* at 964. The relief was improper because it was considered to be "new" and "prospective." *Aheong,* 276 B.R. at 247.

Here, Debtor, in the guise of an alleged stay violation, effectively seeks to reimpose the automatic stay notwithstanding the valid final orders lifting the stay and dismissing the case. These facts do not convey "core" jurisdiction upon the bankruptcy court. This is especially true when so many people have proceeded outside bankruptcy, since case dismissal, in reliance on a dismissed case with no pending core issues. Debtor has waived such claims by the passage of time, *Cellular 101*, 539 F.3d at 1155 n.2, is estopped by its own inaction, and is precluded from seeking unorthodox relief from this court now. *Stoll v. Gottlieb*, 305 U.S. 165.

Finally, "[u]nder the doctrine of prudential mootness, there are circumstances under which

Case 4:10-ap-00289-JMM    Doc 27    Filed 06/08/10    Entered 06/08/10 14:43:41    Desc
Main Document    Page 6 of 7

1 | a controversy, not constitutionally moot, is so ' attenuated that considerations of prudence and comity for
2 | coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power
3 | to grant.'" *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997) (citation omitted).  This is such
4 | a case.

5 |       The Debtor's motion to alter or amend or for reconsideration will be DENIED.  A separate
6 | order will issue.

8 |       DATED AND SIGNED ABOVE.

10 | COPIES to be sent by the Bankruptcy Notification Center ("BN C") to the following:

11 | H. Lee Horner Jr.

12 | Charles H. Whitehill

13 | Mark L. Collins